10-4762-ag
Yuan v. Holder

BIA
Elstein, IJ
A094 785 339

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of April, two thousand twelve.

PRESENT:
  ROSEMARY S. POOLER,
  PETER W. HALL,
  GERARD E. LYNCH,
   *Circuit Judges.*

_____

MINGSHU YUAN
  *Petitioner,*

  v.           10-4762-ag
                NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
  *Respondent.*

_____

FOR PETITIONER:   Ke-en Wang, New York, NY.

FOR RESPONDENT:   Tony West, Assistant Attorney
           General; Anthony Cardozo Payne,
           Senior Litigation Counsel; Collete

J. Winston, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mingshu Yuan, a native and citizen of the People's Republic of China, seeks review of the October 29, 2010, order of the BIA affirming the October 28, 2008, decision of Immigration Judge ("IJ") Annette S. Elstein denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mingshu Yuan*, No. A094 785 339 (B.I.A. Oct. 29, 2010), *aff'g* No. No. A094 785 339 (Immig. Ct. N.Y. City Oct. 28, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the IJ's factual findings under the substantial evidence standard and review questions of law *de novo*. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

2

Yuan argues that she established her eligibility for relief because she and her family provided assistance to her aunt, a North Korean national who crossed the border into China, and that as a result her parents were arrested, beaten, and released only upon the payment of a fine. The agency found, *inter alia*, that Yuan failed to meet her burden of proof because she did not provide reasonably available corroborating evidence, including any identification document for her aunt, any letter from her aunt, a receipt for the fine paid, or any confirmation from family members indicating that her parents were beaten.

Although an applicant's credible testimony alone may be enough to carry her burden of proof, *see* 8 C.F.R. § 208.13(a), an IJ may nonetheless require that her testimony be corroborated if one would reasonably expect corroborating evidence to be available, *see* 8 U.S.C. § 1158(b)(1)(B)(ii). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id.*; 8 U.S.C. § 1231(b)(3)(C) (incorporating this standard, by reference, in the rules governing withholding of removal); *Chuilu Liu v. Holder*, 575 F.3d 193, 196-99 (2d Cir. 2009).

3

Yuan does not challenge the agency's corroboration finding, and thus has waived any such challenge. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (concluding that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal). Because the agency's finding that Yuan failed to meet her burden of proof by failing to provide reasonably available corroborating evidence is dispositive of her claims of asylum, withholding of removal, and CAT relief, and because Yuan does not challenge that finding, we will not disturb the agency's denial of relief. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); 8 U.S.C. § 1231(b)(3)(C); *Chuilu Liu*, 575 F.3d at 196-99.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the temporary stay of removal that the Court previously granted in this petition is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4